UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:

BRIAN KEITH FICK,                      Case Number: 23-11601-7

         Debtor.

MARK WITTMAN,

         Plaintiff,

v.                                          Adversary Number: 25-00015

ZACK FICK, LINDSEYY FICK,
and IVY CHRISTENSEN,

         Defendants.

## DECISION ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

Brian Fick is the debtor in a Chapter 7 case filed on September 12, 2023. Mark Wittman is the Chapter 7 Trustee in Brian Fick's bankruptcy case ("Plaintiff"). Plaintiff filed an adversary proceeding against Defendants Zack Fick, Lindsey Fick, and Ivy Christensen ("Defendants") seeking a determination that $56,650 transferred to them was a fraudulent transfer.

Defendants moved to dismiss the adversary or, alternatively, for a more definite statement. A hearing was held on the Motion to Dismiss, and the Court took the matter under advisement.

## FACTS

The Defendants are the son, daughter, and grandchild of the Debtor. The Complaint says Brian Fick testified at his 341 meeting that he received an inheritance of $33,530.74 in August 2020. Debtor added that he transferred and gave money to the Defendants. Between September 12, 2019, and April 6, 2021, the Debtor transferred or gave those family members the following amounts:

| Zachary Fick | $35,150 |
| Lindsey Fick | $16,500 |
| Ivy Christensen | $5,000 |
| **Total Transfers** | $56,650 |

Zachary and Lindsey are the adult children of the Debtor. Ivy Christensen is a minor. The transfers to Ivy were made for her benefit but may have been deposited in an account in the name of Lindsey Fick. (Dkt. No. 12, p. 2 ¶ B.1.b.). It is uncontested that transfers totaling $56,650 were made to Defendants between about September 12, 2019, and April 6, 2021. (Dkt. No. 12, p. 3 ¶ D.10).

Plaintiff alleges the Debtor made these transfers when he was insolvent or that he was rendered insolvent at the time of the transfers. Defendants dispute that Debtor was insolvent or rendered insolvent at the time of the transfers. They maintain that Debtor used the inherited funds to pay creditors, although the total amounts disclosed as inherited funds are less than the total amount of the transfers. (Dkt. No. 12, p. 2 ¶ B.1.c.).

Plaintiff says the transfers were made with the actual intent to hinder, delay, or defraud creditors. Defendants argue that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Alternatively, Defendants move for an order requiring Plaintiff to make a more definite statement.

The bases for the motion to dismiss or for a more definite statement are that the complaint says Debtor was insolvent or rendered insolvent at the time of the transfers and that the transfers were made with the intent to hinder, delay, or defraud. Defendants conclude these allegations are mere conclusions of law and not fact. Defendants suggest, for example, that the complaint should contain other allegations or examples of insolvency, unpaid debts, collection actions, or collection activities.

The complaint requests avoidance of the transfers under 11 U.S.C. §§ 548(a)(1) and 550(a)(1), and Wis. Stat. §§ 242.04(1) and (2), 242.05(1) and (2), and 242.07.

**DISCUSSION**

1. Motion to Dismiss

Defendants argue that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), applicable here under Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim. Defendants argue that it fails to allege any facts supporting the legal conclusions that (1) Debtor was insolvent or caused to be insolvent as a result of the transfer at the time any alleged transfers occurred, (2) that Debtor made any transfers with the

3

intent to hinder, delay, or defraud any creditor, or (3) that any other provision of 11 U.S.C. § 548 applies.

A plaintiff's entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

For purposes of deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true, drawing all reasonable allegations liberally. *Iqbal*, 556 U.S. at 678. Once the court assumes the allegations are true, the court determines whether the allegations plausibly give rise to entitlement to relief. *Id.*

But the Seventh Circuit has cautioned that *Bell Atlantic* must not be "overread." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). Courts in this Circuit have established that *Twombly* and *Iqbal* have not changed the "fundamentals of pleading." *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1003 (W.D. Wis. 2009); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact.").

Indeed, the rules contemplate "notice" pleading, which means that a defendant is owed "fair notice of what the . . . claim is and the grounds upon

which it rests." *Bissessur*, 581 F.3d at 603 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must allege enough facts to state a claim that is plausible on its face. *Iwaszczenko v. Neale (In re Neale)*, 440 B.R. 510, 518 (Bankr. W.D. Wis. 2010) (citing *Limestone Dev.*, 520 F.3d at 803); *see also* Fed. R. Bankr. P. 7008.

Section 548 allows the trustee to avoid fraudulent transfers of an interest of the debtor in property incurred within two years before the filing of the petition. 11 U.S.C. § 548(a)(1). Such transfers may be founded on actual fraud or constructive fraud. Under section 548(a)(1)(A), a transfer is avoidable if it was actually fraudulent in that it was made "with actual intent to hinder, delay, or defraud any entity to which the debtor was . . . indebted[.]" Under section 548(a)(1)(B), a transfer is avoidable as constructively fraudulent if the debtor "received less than a reasonably equivalent value in exchange for such transfer . . . and . . . was insolvent on the date that such transfer was made . . . ."

For actions under Wisconsin's Uniform Voidable Transactions Law, the state court of appeals has identified the following elements: (1) the creditor's claim arose before the transfer, (2) the transfer was made to an insider for an antecedent debt, (3) the debtor was insolvent when the transfer was made, and (4) the insider-transferee had reasonable cause to believe the debtor was insolvent. *Beck v. BidRX, LLC*, 2018 WI App 61, ¶ 15, 384 Wis. 2d 207, 216, 918 N.W.2d 96, 101.

Next, in pertinent part, section 550 provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
>
>> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>>
>> (2) any immediate or mediate transferee of such initial transferee.
>
> \* \* \*
>
> (d) The trustee is entitled to only a single satisfaction under subsection (a) of this section.

Here, Plaintiff says that Defendants received various transfers that are voidable under sections 548 and 550 of the Bankruptcy Code and section 242 of the Wisconsin Statutes. Section 544 empowers a trustee to seek avoidance of transfers under state law, which in this case is Wisconsin's Uniform Voidable Transactions Law.[1]

The purpose of the pleading rules is to make sure the defendants are on notice of the nature of plausible claims against them. The allegations of the complaint sufficiently outline the causes of action, identify the transfers in question, the amount of the transfers compared to the actual consideration received, that Debtor was insolvent or rendered insolvent at the time, and the identity of the transferees. The Defendants are all relatives of the Debtor and so are insiders. At this stage, Plaintiff isn't required to supply facts supporting every element of his cause of action. *See Chapman v. Yellow Cab Coop.*, 875

---

[1] Section 242 of the Wisconsin Statutes, previously known as the "Uniform Fraudulent Transfer Act," was restyled in March 2024 as the "Uniform Voidable Transactions Law."

6

F.3d 846, 848 (7th Cir. 2017) ("Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory.") (emphasis in original).

One of the Defendants' main arguments is that the complaint fails to plead that the Debtor was insolvent. Insolvency is being unable to pay debts. For the purposes of fraudulent transfer actions, the Bankruptcy Code provides three tests applicable to determining solvency: (1) the balance sheet test; (2) the "unreasonably small capital" test; and (3) the inability to pay debts as they become due test. 11 U.S.C. § 548(a)(1)(B)(ii)(I)–(III); *Paloian v. LaSalle Bank Nat'l Ass'n* (*In re Doctors Hosp. of Hyde Park, Inc.*), 507 B.R. 558, 632 (Bankr. N.D. Ill. 2013); *see also* 11 U.S.C. § 101(32).

Insolvency is not simply, as Defendants suggest, a question of law. It is a factual determination. The allegation in the complaint that the Debtor was insolvent or rendered insolvent at the time of the transfers puts the Defendants on notice that Plaintiff claims Debtor was insolvent, whether measured by having liabilities that exceed the value of assets, unreasonably small capital to satisfy needs, or if the expenses of the Debtor exceeded income.

Plaintiff's allegations that the Debtor was insolvent or near insolvency at the time of the transfers places the Defendants on notice that the Plaintiff contends it can be established that at the time of the transfers either the Debtor was not paying his debts as they came due, or that his liabilities were greater than his assets. From the facts alleged, and drawing all reasonable inferences in favor of Plaintiff, it's plausible that Debtor was insolvent, or that

transferring $56,650 caused the Debtor to be insolvent. That is all that is required at this stage. *Richards v. Mitcheff*, 696 F.3d 635 (7th Cir. 2012). Dismissal of the complaint on this ground is not warranted. This analysis applies to all Defendants.

2. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." This rule "cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system." *Chapman*, 875 F.3d at 849. And generally, motions under Rule 12(e) are disfavored and granted only sparingly. *See Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559–60 (N.D. Ill. 1994) ("[C]ourts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading.").

Defendants' motion is unwarranted. The complaint has sufficient detail for Defendants to know what the Plaintiff is referring to and complaining about. It contains the who, what, when, where, and how. *DiLeo v. Ernst & Young*, 901 F.2d. 624, 627 (7th Cir. 1990). It's far from being "so unintelligible" that Defendants are put at a disadvantage.

### CONCLUSION

Defendants' motion to dismiss and motion for a more definite statement are DENIED.

8

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 27, 2025

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge